# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LIVED IN IMAGES, INC.,**
              **Plaintiff,**

**v.**                                                      **Case No:   6:15-cv-1221-Orl-40DAB**

**NOBLE PAINT AND TRIM, INC. and**
**DOES 1-5,**
              **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST NOBLE PAINT AND TRIM, INC. (Doc. 10)** |
| **FILED:** | **September 29, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff Lived in Images, Inc. has obtained an entry of default against Defendant Noble

Paint and Trim, Inc. ("Noble Paint") who failed to defend the claims against it in this case.   Plaintiff

now moves for final default judgment and an award of statutory damages of $50,000 against Noble

Paint.

### Procedural History

On July 28, 2015, Plaintiff Lived In Images filed a Complaint against Defendant Noble Paint

and five "John Does"[1] for copyright infringement in displaying photographs on Noble Paint's

---

[1] Lived In Images had alleged that the fictitiously named "Does 1 through 5" were "responsible in some manner for the acts and omissions that give rise" to its injuries and "proximately caused" the injuries.   Doc. 1 ¶ 6.

website as well as reproducing, making derivative works, and distributing copies.  Doc. 1 ¶ 20.

Lived In Images obtained an entry of default against Noble Paint on September 14, 2015, when it

failed to respond to the Complaint.  Doc. 9.  Lived In Images has now moved for final default

judgment against Noble Paint, although Lived In Images does not indicate whether it is also seeking

a dismissal of the claims against the fictitiously named Defendants, Does 1 through 5. Doc. 10.

Lived In Images has submitted the declaration of its chief executive officer ("CEO") in support of

its Motion for Default Judgment and the amount of damages.  Docs. 11, 12.  Being that Noble

Paint has not appeared, it is **respectfully RECOMMENDED** that Plaintiff's Motion for Final

Default Judgment be **GRANTED** against Defendant Noble Paint and Trim, Inc. and, if Lived In

Images intends to dismiss its claim against Defendants Does 1-5, then final default judgment be

entered immediately[2].

### Default Judgment

A district court may enter a default judgment against a properly served defendant who fails

to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc.*

*v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).   Noble Paint was served with a summons

and a copy of Lived In Images' Complaint on July 31, 2015. Doc. 7.   However, Noble Paint did not

file a timely response with this Court after being served with process.   The Court finds that Noble

Paint's failure to timely respond to the Complaint and subsequent entry of default against it served

to admit the well pleaded allegations of the Complaint, including that Noble Paint's infringement of

Lived In Images' copyright was willful.   *See, e.g., Buchanan v. Bowman*, 820 F.2d 359 (11th Cir.

1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact.").

---

[2]  There is no discussion in the Motion about Lived In Images claims against these Defendants, and the Court will generally not enter final judgment on fewer than all claims or parties unless it has "expressly determine[d] that there is no just reason for delay."  *See* Fed. R. Civ. P. 54(c).

Because default has been properly entered against Noble Paint, it is deemed to have admitted the allegations made in Lived In Images' Complaint.  *See* Doc. 1.  To prove copyright infringement, a plaintiff must show:  (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.  *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232–33 (11th Cir. 2010); *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007).  A certificate of copyright registration provides a prima facie presumption of validity.  *Mid Am. Title Co. v. Kirk*, 59 F.3d 719, 721 (7th Cir.1995).

Lived In Images is a leading stock photo archive specializing in home, garden, and interior design pictures.  *Id.* ¶ 7.  With one of the largest home design databases, Lived In Images offers both royalty free and rights managed licensing for use of its photographs; the photographs are licensed commercially and editorially, and either individually or as a group with accompanying text.  *Id.* ¶ 8.  Lived In Images registered a group of 5,500 architectural photographs with the U.S. Copyright Office and was issued Copyright Registration No. VA 1-431-181 (November 13, 2009) (hereafter "Group Registration").  *Id.* ¶ 9 & at 8-9.  Each photograph in the Group Registration is copyrightable subject matter under 17 U.S.C. § 102(a)(5), and Lived In Images has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.  *Id.* ¶¶ 16, 17.  Lived In Images has the exclusive rights under 17 U.S.C. §106 to (1) reproduce the copyrighted photographs, (2) prepare derivative works of the copyrighted photographs, (3) distribute copies of the copyrighted photographs, and (4) display the copyrighted photographs publicly.  *Id.* ¶ 19.  Since all of its income is generated through licensing, Lived In Images polices distribution and reproduction of its copyrighted works.   Doc. 12, Thomas Decl. ¶5.

Noble Paint provides house painting services, and, to promote its business, it maintains a website located at www.noblepaintandtrim.com.  Doc. 1 ¶ 10.  On or around November 2014, Lived In Images discovered that Noble Paint was displaying a copy of Lived In Images' copyrighted image from the Group Registration without license or permission on its website. *Id.* ¶ 11 & at 12

- 3 -

(screenshot of Noble Paint's infringing use).   Lived In Images had registered the copyright in each photograph in the Group Registration with the United State Copyright Office before Noble Paint began its infringing conduct.   *Id*. ¶ 18.   Shortly thereafter, Lived In Images sent Noble Paint a notice by email informing it of the infringing use; Lived In Images subsequently sent two additional notices by email, but Noble Paint never responded.   *Id*. ¶ 12; Doc. 12 ¶ 7.   Without the permission or consent of Lived In Images, Noble Paint reproduced photographs from the Group Registration, made derivative works, and distributed copies of the photographs as they were displayed on Noble Paint's website; thus, Lived In Images' exclusive rights in the photographs in the Group Registration were violated.   Doc. 1 ¶¶ 20 & 21.   Noble Paint induced, caused, or materially contributed to the infringement; had actual knowledge of its infringement; and acted willfully.   *Id.* ¶¶ 22-24.

The Court finds that Noble Paint's failure to timely respond to the Complaint and subsequent entry of default against it served to admit the well pleaded allegations of the Complaint, including that Noble Paint's unauthorized use of Live In Images' photograph was willful and infringed Lived In Images' valid copyright.   *See, e.g., Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact."); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

**Damages**

Once liability is established, the district court must also assess damages. *Chanel, Inc. v. French*, 2006 WL 3826780 *2 (S.D. Fla. 2006).   The traditional remedies for violations of the Copyright Act include injunctive relief, impoundment and destruction of infringing articles, money damages, and costs and fees. 17 U.S.C. §§ 502-505.   Lived In Images seeks $50,000 in statutory damages under the Copyright Act, and $2,186.00 in attorney's fee and $572.10 for costs incurred in bringing this suit.

Default judgments for both injunctive and monetary relief may be entered when a defendant fails to respond to or defend against claims of copyright infringement. *Arista Records, Inc. v. Beker Enterprises, Inc*., 298 F.Supp.2d 1310, 1312 (S.D. Fla. 2003).   As to monetary damages, Plaintiff can elect to seek statutory damages, actual damages, or a disgorgement of the defendants' profits. *See id*. at 1312; *see also Feltner v. Columbia Pictures Television, Inc*., 523 U.S. 340, 353 (1998) (party may elect to waive a jury trial and allow the court to determine its statutory damages).   "In copyright cases, 'although attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely" in default cases.   *Arista Records, Inc. v. Beker Enterprises, Inc*., 298 F.Supp.2d 1310, 1316 (S.D. Fla. 2003); *Broadcast Music, Inc. v. Dano's Restaurant Systems, Inc.*, 902 F.Supp. 224, 227 (M.D. Fla. 1995)).

Lived In Images originally sought an award of the actual damages suffered by Lived In Images as the result of Noble Paint's infringement plus the profits of Noble Paint attributable to the infringement under 17 U.S.C. § 504(b); however, Lived in Images also sought in the alternative an award of statutory damages for each infringement of the Group Registration under 17 U.S.C. § 504, and a judgment that Noble Paint's infringement was willful and an increased statutory damage award under 17 U.S.C. § 504.   Doc. 1.

Statutory damages are not designed to be merely compensatory or restitutionary, but are also meant to discourage wrongful conduct. *Yurman Design, Inc. v. PAJ, Inc*., 262 F.3d 101, 113-14 (2d Cir. 2001); *Harrison Music Corp. v. Tesfaye*, 293 F.Supp.2d 80, 83 (D.D.C. 2003).   "Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy [of discouraging wrongful conduct]."   *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952).   Several courts have found statutory damages are especially appropriate in default judgment cases because the information needed to prove actual damages is uniquely within the infringers' control and is not disclosed.   *Microsoft Corp. v. McGee*, 490 F.Supp.2d 874, 882 (S.D. Ohio 2007) (citing cases).

Jonathan Thomas, the Chief Executive Officer of Plaintiff Lived In Images, states in his Declaration that Lived In Images expends considerable effort and expenses to protect its copyright rights by policing distribution and reproduction of its copyrighted works.   Doc. 12 ¶ 3.   Lived In Images generates income by licensing its photos. Lived In Images licenses its photographs for limited use for a fee between $1,000 and $1,500 per year.   Doc. 12 ¶ 3.   On November 2014, Lived In Images discovered that Noble Paint was displaying a copy of a photo from the Group Registration on its website without license or permission. Doc. 12 at 66 (screenshot of Noble Paint's infringing use).   Courts do consider the licensing fee as an appropriate measure of damages when a defendant has used the plaintiff's copyrighted photograph.   *See Coton*, 740 F.Supp.2d at 1308.   *On Davis v. The Gap, Inc.*, 246 F.3d 152, 172 (2d Cir. 2001) ("The hypothesis of a negotiation between a willing buyer and a willing seller simply seeks to determine the fair market value of a valuable right that the infringer has illegally taken from the owner. The usefulness of the test does not depend on whether the copyright infringer was in fact himself willing to negotiate for a license."); *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 567 (7th Cir. 2003) (a licensing fee is an appropriate measure of damages absent evidence that the parties would have contracted for the plaintiff's products because the plaintiff "is entitled under the Copyright Act to recover actual damages resulting from the infringement of its copyright").   In this case, according to its CEO, Lived In Images would have licensed the photograph for between $1,000 and $1,500 per year.

As in any default case, Lived In Images is unable to obtain any evidence regarding to what extent the Noble Paint profited from the unauthorized and infringing use of the copyrighted photograph at issue or to what extent Plaintiff has suffered actual damages such as lost sales.   *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F.Supp.2d 161, 165-166 (S.D. N.Y. 1999) (statutory damages are appropriate when an infringer's non-disclosure of pertinent facts leaves damages uncertain).   A finding of willful infringement justifies an award of heightened damages and attorney's fees. *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1476 (11th Cir.

1991); *Macklin v. Mueck*, 2005 WL 1529259 (S.D. Fla. 2005) (increasing an award to that of maximum statutory damages where copyright infringement was willful). The Court may consider the expenses saved by and the profits reaped by the infringer, revenues lost by the copyright holder as a result of the infringement, and the infringer's state of mind, whether willful, knowing, or innocent.  *Nintendo of America, Inc. v. Ketchum*, 830 F.Supp. 1443, 1445 (M.D. Fla. 1993).  "The court should be guided by purposes of the Act including restitution to prevent unjust enrichment, reparation of injury, and deterrence of further wrongful conduct by defendant and others." *Id*. at 1445.

Because the Court finds that Defendants' infringement of Plaintiff's copyrighted works was willful, the limits set forth in the Copyright Act–which sets the "willful" statutory damages range from $200 and $150,000–applies.  17 U.S.C. 504(c)(2).  When a suit involves infringement of more than one separate and independent work, statutory damages for each work should be awarded. When a plaintiff in a copyright suit elects statutory damages, the damages are calculated based on the number of copyrighted works and the number of infringers, not the number of incidents of infringement.  *Fitzgerald v. CBS Broadcasting, Inc.*, 491 F.Supp.2d 177, 182 (D. Mass. 2007) (citing *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 194 (1st Cir. 2004); 17 U.S.C. 504(c)(1); H.R.Rep. No. 94-1476 at 162 (1976), U.S.C.C. & A.N. 1976, at 5659, 5778 ("A single infringer of a single work is liable for a single amount . . . no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated, or occurred in a related series.")).

Lived In Images seeks a heightened statutory damage award of $50,000, arguing that Noble Paint's infringement may have had a broader impact on Lived In Images' ability to generate profit because it may have lost additional revenue from customers who might have licensed the image but did not do so because it could not guarantee the image's exclusivity.   Lived In Images also contends

that such a heightened award of $50,000 in statutory damages will alert Noble Paint and other infringers that "they may not sneer in the face of copyright laws."   Doc. 10 at 5

However, in cases involving infringement of copyrighted photographs, other courts have awarded statutory damages of $10,000 to $20,000.   *See, e.g., White v. Marshall*, 771 F.Supp.2d 952, 957-58 (E.D. Wis. 2011) (awarding copyright holders $10,000 for each of the fourteen photographs infringed, plus an additional $10,000 for the willfulness of the infringement three years after the licensing agreement expired); *Schmitt v. VAG Group, Inc*., No. 09-380, 2010 WL 331782 (D.Or. Jan. 25, 2010) (awarding $9,800 in damages—five times the initial award—against a defendant who continued to display the plaintiff's copyrighted stock photos on a website to promote apparel sales for months after license to utilize the photos expired willfully infringed); *cf Coton v. Televised Visual X-ography, Inc.*, 740 F.Supp.2d 1299 (M.D.Fla. 2010) (holding photographer was entitled to actual damages of $3,077 for infringing company's unauthorized use of her self-portrait, plus additional compensatory damages of $125,000 for harm to reputation for use on packaging of pornographic movie where plaintiff had no association with the pornographic industry).

Here, although Plaintiff seeks statutory damages of $50,000–thirty to fifty times the value of the license fee—as the amount of for infringement of its copyrighted photograph, Plaintiff is not automatically entitled such a significant amount of statutory damages simply because it has shown the Noble Paint acted willfully.   "Statutory damages are not intended to provide a plaintiff with a windfall recovery"; they should bear some relationship to the actual damages suffered.   *See Peer Internat'l Corp. v. Luna Records*, 887 F. Supp. 560, 568-69 (S.D. N.Y. 1995).   The court in *Peer International Corporation*, was faced with a "paucity of information on which to base the award of statutory damages," where neither party had "ventured an estimation of the fair market value of the rights infringed, nor of the revenue lost by plaintiffs, nor of the profits gained by defendant as a result of the infringements."   *Id.* at 568.   The court ended up awarding $10,000 to $25,000 in statutory damages for infringement of seven compositions, where actual damages were

approximately $4,100, and rejected the plaintiff's request for the $100,000 statutory maximum (prevailing at that time).   *Id.* at 569.   In this case, the photograph had a license fee value of $1,000 to $1,500 if properly licensed, and a ten-fold multiple of that amount of $10,000 is appropriate.   It is **respectfully RECOMMENDED** that judgment be entered against Defendant Noble Paint for $10,000 for the infringement of Lived In Images copyrighted photograph.

### Injunctive Relief

Lived In Images also seeks an injunction precluding Noble Paint from further reproducing, or distributing the photographs in its Group Registration.   A plaintiff is entitled to injunctive relief in addition to monetary damages.   17 U.S.C. § 502; *Arista*, 298 F. Supp. 2d at 1314 (citing *Sony Music Entertainment, Inc. v. Global Arts Prod.*, 45 F.Supp.2d 1345, 1347 (S.D. Fla. 1999) (entering permanent injunction against copyright infringer on default judgment)).   A court may grant injunctive relief if the moving party shows that: (1) it has achieved actual success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interests.   *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

As Lived In Images explains, it earns all its income from licensing its photographs and to prosper in the licensing business, it must maintain control over its work.   Thus, Noble Paint's infringement diminishes the value of Lived In Images' photographs, undermines its ability to market them, and it will suffer irreparable harm unless Noble Paint is enjoined from further infringement. Moreover, if the injunction is not issued, Lived In Images stands to lose additional business and its ability to protect its copyrighted work.   It is **respectfully RECOMMENDED** that the Proposed Injunction (Doc. 10-1) be entered to prohibit further infringing conduct by Noble Paint.

**Attorney's Fees**

Lived In Images seeks an award of $2,186 in attorney's fees and $572.10 in costs for the prosecution of its claims against Noble Paint.   Pursuant to the Copyright Act, Lived In Images may be awarded attorney's fees and costs as the prevailing party.   17 U.S.C. § 505[3].   Attorney fees are not awarded in copyright cases as a matter of course.   *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533-34 (1994).   "[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Id.* at 534. Section 505 of the Copyright Act gives discretion to district courts to grant to the prevailing party a "reasonable attorney's fee" and in deciding whether to award attorney's fees, the court should consider the following factors: frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 535; *MiTek Holdings, Inc. v. Arce Eng'g Co.,* 198 F.3d 840, 842 (11th Cir.1999); *Harrison Music Corp. v. Tesfaye*, 293 F.Supp.2d 80, 84 (D.D.C. 2003).   The Copyright Act seeks to stimulate artistic creativity for the general public good and discourage infringement.   *Fogerty*, 510 U.S. at 526-27.   Awarding attorney's fees addresses these goals because it enables people to vindicate or defend their rights where it would otherwise be uneconomical to do so. *Id.* at 529.   Fees and costs of suit are commonly awarded by courts in copyright infringement default cases.   *Arista*, 298 F. Supp. 2d at 1316.

Plaintiff has submitted the affidavit of its counsel, Michael Spain, Esq., who has set forth the years of experience, the hourly rates, and the amounts expended by the attorneys and paralegal as follows:

---

[3]  The statute reads in pertinent part:
In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.
17 U.S.C. § 505.

|  | Yrs. Exp. | Hourly rate | Allowed | Hours billed | Total |
|---|---|---|---|---|---|
| Michael Spain | 24 | $270 | $270 | 1.0 | $270 |
| Sophy Tabandeh | 4 | $250 | $250 | 1.1 | $275 |
| Peri-Elle Cabagnot | 2 | $195 | $195 | 6.8 | $1326 |
| Paralegal Sorrells | N/A | $150[4] | $100 | 2.1 | $210 |
|  |  |  |  | 11.0 | $2,081 |

Eleven total hours at the various rates set forth above for work relating to the defaulted Defendant Noble Paint was expended for pre-suit investigation, drafting the Complaint, drafting and and editing of the Motion for Entry of Default and the Motion for Entry of Final Default Judgment. the lawsuit, etc., and preparation of the Motions for Entry of Default and Default Judgment.   Doc. 11.   The hours expended and the rates charged are reasonable given the circumstances of this case; therefore it is **respectfully RECOMMENDED** that Plaintiff be awarded **$2,081 in attorney's fees**.

Costs of $572 for service of summons and the court filing fee are reimbursable under the statue; however, Plaintiff should seek costs separately under a bill of costs on a form obtainable from the Clerk once judgment has been entered.   See Rule 54(d).

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

---

[4]  Although Mr. Spain averred that his firm bills paralegal time at $150/hour, he did not describe the paralegal's level of experience, and a rate of $150/hour is above the rate generally awarded in the Orlando market for paralegal work; thus, the rate has been reduced accordingly.   *See Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988) (holding the court should apply "the prevailing market rates in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation").

**Recommended** in Orlando, Florida on February 5, 2016.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy